UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRY HARTMAN                                              CIVIL ACTION

VERSUS                                                     NUMBER:    11-013

MAJOR JOHNSON                                              SECTION:   "B"(3)

### ORDER AND REASON

Before the court is Petitioner Terry Hartman's("Petitioner") Objections (Rec. Doc. No. 20) to Magistrate Knowles' Report and Recommendation (Rec. Doc. No. 19) recommending dismissal with prejudice of this habeas corpus petition. Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Petitioner's Objections to the Magistrate's Report are **OVERRULED,** and the subject petition for federal habeas corpus review under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as untimely.

### PROCEDURAL HISTORY

Petitioner is a state prisoner incarcerated at the Madison Parish Correctional Center in Tallulah, Louisiana. (Rec. Doc. No. 1). On May 24, 1991, he pled guilty to two counts of forcible rape under Louisiana law. (State Rec., Vol. 1 of VI, transcript of May 24, 1991; State Rec. Vol. 1 of VI, minute entry of May 24, 1991). He was sentenced on each count to concurrent terms of thirty years imprisonment on September 10, 1991. (State Rec., Vol. I of VI, transcript of September 10, 1991; State Rec., Vol. I of VI, minute entry of September 10, 1991). Since then,

Petitioner has repeatedly sought relief from those convictions and sentences in the state courts:

> 1. On May 23, 1994, he filed with the state district court a motion for reconsideration of sentence, which was denied on May 31, 1994. (State Rec., Vol. II of VI, order dated May 31, 1994).
>
> 2. On July 5, 1994, he filed a motion to correct an illegal sentence with the state district court, which was denied on August 3, 1994. (State Rec., Vol. II of VI; State Rec., Vol. II of VI, Judgment and Reasons for Judgment dated August 3, 1994).
>
> 3. On September 1, 1995, he wrote a letter to the state district court, requesting that his plea agreement be correctly enforced. (State Rec., Vol. II of VI). That request was denied on September 6, 1995. *Id.* at 3. (*Id.*, Order dated September 6, 1995).
>
> 4. On June 17, 1996, he filed an application for post-conviction relief with the state district court. (State Rec., Vol. II of VI). That application was denied on March 4, 1997. (State Rec., Vol. III of VI, Order dated March 4, 1997).[1]
>
> 5. On April 24, 1998, he filed with the state district court another application for post-conviction relief, which was denied on May 29, 1998. (State. Rec., Vol. III of VI; *Id.*, Order dated May 29, 1998).[2]

---

[1] The Magistrate Judge noted that there are two unexplained orders from the Louisiana First Circuit Court of Appeals (one from October 31, 1997 and one from April 13, 1998). *State ex rel. Hartman v. State*, 97-KW-0974 (La. App. 1st Cir. 10/31/1997); *State ex rel. Hartman v. State*, 98-KW-0237 (La. App. 1st Cir. 4/13/1998). Since it is unclear whether those rulings relate to the June 1996 application, the Magistrate Judge, out of an abundance of caution, assumed that they did. (Rec. Doc. No. 19 at 3).

[2] The Magistrate Judge noted that there is an unexplained order from the Louisiana First Circuit Court of Appeal, dated September 11, 1998. *State ex rel. Hartman v. State*, 98-KW-1751(La. App. 1st Cir. 9/11/1998); State Rec., Vol. III of VI. Additionally, the state, in its response to the instant proceeding, referenced another unexplained decision of that court denying relief on November 5, 1998. (Rec. Doc. No. 15 at 5). Again, the Magistrate

6. On January 12, 1999, he filed with the state district court an application for a writ of habeas corpus. (State Rec., Vol. III of VI). It was dismissed on April 22, 1999 at Petitioner's request. (State Rec., Vol. III of VI, Order dated April 22, 1999).

7. On October 29, 1999, he filed with the state district court another motion to correct an illegal sentence, which was denied on November 4, 1999. (State Rec., Vol. IV of VI; *Id.*, Judgment and Reasons for Judgment dated November 4, 1999). He then filed a motion of consideration, which was denied on December 23, 1999. (State Rec., Vol. IV of VI). The related writ applications were then denied by the Louisiana First Circuit Court of Appeal (May 4, 2000), *State ex rel. Herman v. State*, 2000-KW-0401 (La. App. 1st Cir. 5/4/00), and the Louisiana Supreme Court (March 16, 2001), *State ex rel. Herman v. State*, 787 So.2d 308 (La. 2010).

8. On June 5, 2001, he filed a motion to amend or modify sentence with the state district court, which was denied on June 21, 2001. (State Rec., Vol. VI of VI; *Id.*, Judgment and Reasons for Judgment dated June 21, 2001). He then filed a motion for reconsideration, which was denied on July 24, 2001. *Id.*, Order dated July 24, 2001.

9. On January 8, 2002, he filed with the state district court a motion to correct an invalid sentence. (State. Rec., Vol. IV of VI). That motion was denied on February 15, 2002. *Id.*, Judgment and Reasons for Judgment dated February 15, 2002. He then filed a motion for reconsideration, which was denied on April 4, 2002. *Id.*, Judgment and Reasons for Judgment dated April 4, 2002.

10. On July 17, 2008, he filed with the state district court a "Motion to Correct a Breach of Promise," which was denied on January 23, 2009. (State Rec., Vol. IV of VI; *Id.*, Judgment and Reasons for Judgment dated January 23, 2009). His motion for reconsideration was denied on March 24, 2009. (State Rec., Vol. IV of VI, Order dated March 24, 2009). His related writ applications were then denied by the Louisiana First Circuit Court of Appeal (August 31, 2009, *State ex rel. Hartman v. State*, 2009-KW-0999 (La. App. 1st Cir. 8/31/2009), and the

---

Judge assumed these rulings related to the April 1998 Application out of an abundance of caution. (Rec. Doc. No. 19 at 4).

Louisiana Supreme Court (October 15, 2010), *State ex rel. Hartman v. State*, So.3d 1281 (La. 2010).

The instant petition for federal habeas corpus relief was filed on November 9, 2010.

## LAW AND ANALYSIS

**A. Standard of Review**

Petitioner filed his original federal application for habeas relief under 28 U.S.C. § 2254 on November 9, 2010. As this is after the effective date for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applicable to habeas corpus petitions, his petition is governed by § 2254 as amended by AEDPA. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998)(*citing Lindh v. Murphy*, 521 U.S. 320 (1997)).

AEDPA established a one-year statute of limitations for the filing of federal habeas corpus applications. (28 U.S.C. § 2244(d)) 28 U.S.C. § 2244(d)provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B) the date of which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> > (C) the date on which the constitutional right asserted

>   was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have discovered through the exercise of due diligence. *Id.*

**B. Timeliness of Habeas Petition**

The Magistrate Judge did not consider Petitioner's claims concerning the breach of his plea agreement or the imposition of *ex poste facto* consequences because he found the Petitioner's application to be untimely under § 2244(d). (Rec. Doc. No. 19 at 7). As discussed above, there is a one-year statute of limitations available for a habeas corpus petition. 28 U.S.C. § 2254(d)(1). In the instant case, this court could consider two dates: (A) the date on which the judgment became final by conclusion of direct review; or, (D) the date on which the factual predicate of the claim presented could have been discovered by the exercise of due diligence. (Rec. Doc. No. 19 at 8).

The Magistrate Judge correctly noted that whether Subsection (A) or Subsection (D) controlled the case, the outcome would be the same. Because the enactment of Act 388 and the date that Petitioner's convictions became final both occurred before the enactment of AEDPA, a jurisprudentially created grace period applied in the instant case. (Rec. Doc. No. 19 at 8). Therefore, Petitioner's one-year federal statute of limitations began to run on AEDPA's effective date, April 14, 1996. *Flanagan v. Johnson*, 154

F.3d 196, 200-02 (5th Cir. 1998). Accordingly, Petitioner had until April 24, 1997 to file a federal application for habeas relief, unless that deadline was extended by tolling. *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004). This court must consider both statutory tolling as provided by AEDPA and equitable tolling.

**1. Statutory Tolling**

For statutory tolling, AEDPA provided that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). Tolling will continue uninterrupted through the duration of post-conviction proceedings, so long as a petitioner sought supervisory review in a timely manner. *Grillette*, 372 F.3d at 769-71. A state application ceases to be pending--and tolling therefore ends--when the time for seeking appellate review ends.[3] *Id.*

In the instant case, Petitioner first tolled the federal limitations period on June 17, 1996, 53 days after the statute of limitations began to run, when he filed his application for post-conviction relief. (State Rec., Vol. II of VI). This application was denied on March 4, 1997. (State Rec., Vol. II of VI, Order

---

[3] Under relevant Louisiana law, a litigant has thirty days to seek review of a judgment of a court of appeal. Louisiana Supreme Court Rule X § 5(a).

dated March 4, 1997). However, given that the Louisiana First Circuit Court of Appeal record contained two orders from after that date, the Magistrate Judge assumed that the tolling did not end until April 13, 1998. (Rec. Doc. No. 19 at 9). From that date, litigant had 30 days to seek review of this judgment. *Id.* Since he did not, the tolling period ended on May 13, 1998, when Petitioner's period expired for seeking review of the denial by the Louisiana Supreme Court. *Id.*

The one-year limitations period did not begin to run again at that point because Petitioner had filed another post-conviction application with the state district court on April 24, 1998.[4] (Rec. Doc. No. 19 at 10). This application was denied on May 29, 1998. *Id.* at 4. The state, in its response to the instant federal proceeding (Rec. Doc. No. 15), referenced an unexplained decision of the Louisiana First Circuit that denied relief to Petitioner on November 5, 1998. (Rec. Doc. No. 15 at 5). The Magistrate Judge assumed that the November 1998 decision was related to the post-conviction application and so the tolling period on this

---

[4] The Magistrate Judge noted that the Petitioner may not be entitled to any tolling at all for this application.(Rec. Doc. No. 19 at 10, n.45). In that instance, the state district court denied the application for relief as untimely. *Id.* However, the Magistrate Judge was unable to locate a copy of the November 5, 1998 ruling by the Louisiana First Circuit Court of Appeal. *Id.* Therefore, it cannot be verified that the Court of Appeal also found the application untimely and so, out of an abundance of caution, tolling was granted. *Id.*

application ended on December 7, 1998.[5] (Rec. Doc. No. 19 at 10). At this juncture, Petitioner had 312 days left of the limitations period. *Id.*

After 35 days had elapsed, Petitioner again tolled the federal limitations period by filing his state application for a writ of habeas corpus on January 12, 1999. (Rec. Doc. No. 19 at 10). That application was dismissed at Petitioner's request on April 22, 1999. *Id.* At the latest,[6] tolling then ended on May 24, 1999, when Petitioner's 30 day period for seeking review in the Louisiana First Circuit Court of Appeal expired. (Rec. Doc. No. 19 at 11). Thus, the limitation period began running again; Petitioner had 277 days remaining of the one year available under AEDPA. *Id.*

Next, Petitioner filed a motion to correct an illegal sentence on October 29, 1999. (Rec. Doc. No. 19 at 11). However, this did not restart Petitioner's tolling since the Louisiana Supreme Court ultimately found his application to be untimely under *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995). In *Glover*, the

---

[5] The Magistrate Judge noted that, because the thirtieth day for seeking review fell on a Saturday, the period was extended through the following Monday (December 7, 1999). *See* La.C.Cr.P. art. 13.

[6] The Magistrate Judge noted that it is unclear whether Petitioner should be given credit for the 30 day period for seeking supervisory review as the application was dismissed at his own request. (Rec. Doc. No. 19 at 10). The only Louisiana case on the issue, *Dusenbery v. McMoRan Exploration Co.*, 425 So.2d 249, 251 (La.App.1st Cir. 1982), dealt with the dismissal of a civil case and the right to appeal. However, the Magistrate Court Judge that portion out of an abundance of caution.

Louisiana Supreme Court held that an appellate court is not precluded from denying relief on the basis of Article 930.8[7] even if the lower court did not consider timeliness in its original decision. *Id.* In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court conclusively held that "when a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." 544 U.S. at 414. Therefore, since Petitioner's application was found to be untimely, he cannot receive any statutory tolling credit for that filing. (Rec. Doc. No. 19 at 11).

Because Petitioner had no other properly filed applications for state post-conviction relief before the one year statute of limitations expired on February 25, 2000, he was not entitled to further statutory tolling, even though he filed several state applications for relief after this date. It is well-settled law that applications filed after the expiration of a federal statute of limitations have no bearing on the timeliness of a Petitioner's federal habeas petition. *See Scott v. Johnson*, 227, F.3d 260, 263

---

[7] Article 930.8 sets forth the limitation period for filing applications of post-conviction relief. (La.C.Cr.P. Art. 930.8). The article says that there shall be "no application for post-conviction relief, including applications which seek an out-of-time appeal...considered if it is filed more than two years after the judgment of conviction and sentence has become final" unless it fits into one of four possible exceptions. *Id.* In the instant case, the Louisiana Supreme Court found that Petitioner did not fit into one of the statutory exceptions and so his application was untimely. (Rec. Doc. No. 19 at 11).

(5th Cir. 2000).

### 2. Equitable Tolling

In *Holland v. Florida*, 130 S.Ct. 2549 (2010), the Supreme Court held that AEDPA's one year statute of limitations is subject to equitable tolling. 130 S.Ct. at 2560. The Court found that a petitioner is only entitled to equitable tolling if he can show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562. Per *Holland*, the standard of diligence required is "reasonable diligence." *Id.* at 2565. Further, the Court stressed that the finding of "extraordinary circumstances" must be done on a case-by-case basis; there is no hard and fast rule that can (or should) be applied. *Id.* at 2562. The Petitioner has the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

The Magistrate Judge noted that Petitioner brought forth no evidence demonstrating that he was entitled to such tolling and that they knew of "no reason that would support equitable tolling of the statute of limitations." (Rec. Doc. No. 19 at 12). However, in his Objections to the Magistrate's Order, Petitioner attempted to make an argument for extraordinary circumstances that would garner him equitable tolling. In the instant case, Petitioner claimed that the extraordinary circumstances were the breach of his plea agreement by the state and the *ex poste facto* application of state law. (*See* Rec. Doc. No. 20).

10

In his original application for habeas relief, Petitioner alleged that the State illegally added substantive law to his plea agreement, signed May 23, 1991. (Rec. Doc. No. 1 at 3). Specifically, he claimed that his plea agreement was breached after Act 388 § 1[8] was passed by the Louisiana Legislature in 1992 and the imposed on him after his release in 2007. *Id.* Petitioner argued that once it was concluded, the State was bound by the terms of his plea agreement and "cannot add thereto or that plea becomes breached and custody thereafter becomes illegal." (Rec. Doc. No. 20 at 1). Petitioner cited *Santobello v. New York*, 404 U.S. 257 (1971), and *Brown v. Poole*, 337 F.3d 1155 (9th Cir. 2003) in support of his claim that the alleged plea agreement breach qualified as an "extraordinary circumstance." (Rec. Doc. No. 20 at 1).

However, in both *Santobello* and *Brown*, the breach of the plea agreement was caused by prosecutorial misconduct, not the application of an *ex poste facto* law. *See* 404 U.S. 257, 262 ;337 F.3d 1155, 1159. Further, the Louisiana Supreme Court has previously held that the state can require sex offenders to comply with notification procedures enacted after they committed their offenses. *State ex rel. Olivieri v. State*, No. 2000-KH-0172, 2000-

---

[8] Louisiana Act 388 § 1 governs the registration of sex offenders after they are released from incarceration or commitment. La. R.S. 15:540. It requires that "sex offenders, sexually violent predators and child predators" register with state and local law enforcement agencies. *Id.* It was not enacted until June 18, 1992. *Id.*

KP-1767 (La. 2/21/2001), 779 So.2d 735. The law in effect at the time of a prisoner's release governed the terms of that release, not the law that was in effect when the prisoner was sentenced or incarcerated. *Id.* at 10, 740. Therefore, Petitioner had no basis for the extraordinary circumstances required for equitable tolling to be granted.

Since Petitioner was not entitled to further statutory tolling or equitable tolling, his federal application for habeas relief should have been filed no later than February 25, 2000. This application was not filed until November 9, 2010. It is untimely.

New Orleans, Louisiana, this 23rd day of September, 2011.

UNITED STATES DISTRICT JUDGE